


## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONJA SEAWELL<br>on behalf of herself and all others<br>similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL FIDELITY<br>CORPORATION<br><br>Defendant. | Civil Action No. 05-CV-479<br><br>CLASS ACTION |

**FILED**
MAR 8 2007
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

Defendant Universal Fidelity Corporation ("UFC") files this reply brief in response to Plaintiff's opposition to UFC's Motion for Partial Summary Judgment. UFC filed its motion asking that the court make a determination as to how any potential award of statutory damages would be calculated under the Fair Debt Collection Practices Act ("FDCPA").

In her opposition, Plaintiff attempts to misdirect the court from the real question at issue in UFC's motion. The primary purpose of UFC's motion was to have the Court decide how to calculate any potential statutory damages under the FDCPA. Prior to the filing of UFC's motion, Plaintiff's counsel asserted that any calculation of UFC's net worth should include UFC's "equity, capital stock and good will". (See letter dated December 13, 2005, attached as Exhibit "B"). Plaintiff now claims that the method of calculating net worth is not an issue in this case. (See page 9 of Plaintiff's reply brief).

Plaintiff's current position completely ignores the point of Defendant's Motion for Partial Summary Judgment. Any potential award of statutory damages should be calculated according to Generally Accepted Accounting Principles (GAAP), without considering the company's equity, capital stock or

good will in the calculation. This Honorable Court can decide this issue without considering any of Plaintiff's assertions relating to the amount of Defendant's current net worth.

Plaintiff's dissertation on the history of the FDCPA's statutory damages provision, and allegations that UFC artificially lowers its net worth, are not relevant to the court's consideration as to how UFC's net worth should ultimately be determined. The FDCPA clearly limits any statutory damage provision to the lesser of $500,000 or 1 percent of the net worth of the debt collector. see, 15 U.S.C. § 1692k. It does not allow for a constrained calculation of net worth in order to punish a debt collector no matter how large or small the alleged violation of the FDCPA. Moreover, it does not allow for an increase in the statutory damage provisions in the event that the debt collector's net worth is minimal. It merely states how statutory damages are to be calculated and puts a limit on any award of statutory damages.

Instead of replying to the main argument in Defendant's motion, Plaintiff merely sidesteps the issue of how the Court should determine the any potential award of statutory damages. UFC's net worth should be calculated utilizing UFC's book value in accordance with Sanders v. Jackson, 209 F.3d 998 (7th Cir. 2000) and approved by courts in the Eastern District of Pennsylvania in Fry v. Hayt, Hayt & Landau, 198 F.R.D. 461 (E. D. Pa. 2000) and Saunders v. Berks Credit and Collections, Inc., 2002 WL 1497374 (E.D. Pa. 2002).

Moreover, Plaintiff conveniently points out that the Defendant refuses to settle this case but then argues that the issue of how to calculate any potential award of statutory damages is not ripe for adjudication. At first glance, Plaintiff's statement about the status of settlement discussions would appear to

3

be completely irrelevant. Nevertheless, it is impossible for Defendant to determine any potential settlement until it knows the potential range of statutory damages it may face. Even if the determination of UFC's actual net worth should be deferred at this time, it is entirely appropriate and necessary for the Court to determine **how UFC's net worth** should be calculated. This decision is a legal decision, based upon statutory interpretation, case law and general accounting principles. It does not involve any factual question that needs to be resolved by a trial. Once the Court makes a determination as to how net worth should be calculated, the Defendant can gauge the potential exposure it faces regarding statutory damages.

As such, Defendant UFC respectfully requests that this Honorable Court determine that any statutory damages be calculated according to Generally Accepted Accounting Principles (GAAP), without considering the company's equity, capital stock or good will in the calculation.

```
                                    FREY, PETRAKIS, DEEB,
                                    BLUM & BRIGGS, P.C.


                                BY:_____/s/ NWB3521_____
                                    NORMAN W. BRIGGS
                                    Attorney for Defendant
Date: 1/08/07                       Universal Fidelity Corporation
```

FROM                                              (TUE)DEC 13 2005 17:20/ST. 17:03/No. 6801371494 P  2

LAW OFFICES

# FRANCIS & MAILMAN
A PROFESSIONAL CORPORATION

LAND TITLE BUILDING, 19TH FLOOR
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19110
215-735-8600
FAX: 215-940-8000
WWW.CONSUMERLAWFIRM.COM
EMAIL: INFO@CONSUMERLAWFIRM.COM

December 13, 2005

**PRIVILEGED - SUBMITTED UNDER FEDERAL
RULE OF EVIDENCE 408**

*Via Facsimile & Regular Mail*

Norman W. Briggs, Esquire
Frey, Petrakis, Deeb, Blum,
Briggs & Mitts, PC.
1601 Market Street
Suite 2600
Philadelphia, PA 19103

*Re: Seawell v. Universal Fidelity Corporation, No. 05-479*

Dear Mr. Briggs:

As a follow up to our discussion Friday, I am writing on behalf of the Plaintiff to make a settlement demand upon your client, Universal Fidelity Corporation. This letter is submitted under Federal Rule of Evidence 408 and is protected to the full extent of that Rule.

At this juncture of the case, we await the Court's ruling on class certification. In the event that the Court certifies the class, notice will go out followed by merits discovery, and ultimately trial. The fees incurred by both parties (already somewhat significant on Plaintiff's end and probably Defendant's as well) will obviously be costly to both sides, and ultimately to your client, and can only increase as time goes by.

Discovery reveals that there are at least 321 members, and perhaps more. We are optimistic that Plaintiff will prevail on the merits of her claim and that the Court will grant class certification. However, we recognize that there are always risks to class action litigation. As such, we submit the following demand:

(a)     a payment to each Class member in the amount of $250.00 into an interest bearing escrow account, administered by Class counsel, upon an agreement in principle for the benefit of plaintiff and the members of the Class;

(b) a payment of $5,000.00 to the representative Plaintiff Donja Seawell for her individual claim and compensation for services rendered to the class;

(c) Defendant to pay all costs of notice to the Class and settlement administration, to be handled by an independent settlement administrator, of Plaintiff's choosing; and

(d) payment of Plaintiff's reasonable attorneys' fees and reimbursement of expenses, calculated according to the usual lodestar method for such a case.

There would be no reversion of any funds to Defendant in any event. Funds resulting from any uncashed checks would be directed to a *cy pres* recipient, such as Community Legal Services, National Association of Consumer Advocates, Philadelphia Legal Assistance, National Consumer Law Center, Philadelphia Consumer Bankruptcy Assistance Project or Philadelphia Volunteers for the Indigent, to be selected by the Court in the absence of the parties' agreement.

Further, we are aware that this settlement demand seeks less than Plaintiff and the Class could potentially recover at trial. This demand is only being submitted as an attempt to resolve the case in a reasonable range at this immediate juncture. In the event that we cannot resolve the case, the instant demand will be withdrawn, and will not in any way limit Plaintiff's right to seek the maximum amount permitted by law.

In submitting this proposal, I am aware of your contention that Defendant's net worth limits its exposure to a lesser recovery for the class than that which I have proposed. Please note that we are not in agreement regarding what Defendant's financials reveal. Defendant's financials show significant revenue and profits above and beyond the figures you have mentioned. Additionally, these figures do not reflect Defendant's equity, capital stock and good will, relevant factors for determining net worth, and which are no doubt significant given your client's stature. *Wisneski v. Nationwide Collections, Inc.*, 227 F.R.D. 259 (E.D. Pa 2004). In the event that we are unable to resolve the case at this juncture, and your client elects to place its net worth at issue, we will necessarily need confirmatory discovery regarding Defendant's true financial position.

Please forward this demand to your client. After you and your client have had an opportunity to study this matter, we would welcome a response.

Very truly yours,

JAMES A. FRANCIS

JAF/pso