UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONJA SEAWELL** <br> **on behalf of herself and all others** <br> **similarly situated** <br><br> Plaintiff, <br><br> vs. <br><br> **UNIVERSAL FIDELITY** <br> **CORPORATION** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br> Civil Action No. 05-CV-479 <br><br><br><br><br> CLASS ACTION |

## ORDER

AND NOW, this _____ day of _____ 2007, upon consideration of Plaintiff Donja Seawell's Motion for Leave to File a Surreply Memorandum of Law in response to Defendant Universal Fidelity Corporation's Reply in Further Support of Its Motion for Partial Summary Judgment, it is hereby ORDERED that Plaintiff's Motion is GRANTED. Plaintiff's Surreply Memorandum of Law, attached as Exhibit A to her Motion, is deemed filed of record.

_____
Pollak,                                                              S. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONJA SEAWELL** ) | | |
| on behalf of herself and all others ) | | |
| similarly situated ) | | |
| ) | | |
| **Plaintiff,** ) | Civil Action No. 05-CV-479 | |
| ) | | |
| vs. ) | | |
| ) | | |
| **UNIVERSAL FIDELITY** ) | CLASS ACTION | |
| **CORPORATION** ) | | |
| ) | | |
| **Defendant.** ) | | |
| ) | | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY MEMORANDUM
OF LAW IN RESPONSE TO DEFENDANT UNIVERSAL FIDELITY
CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff Donja Seawell, by and through undersigned counsel, hereby moves this Court for leave to allow her to file the attached Surreply Memorandum of Law in response to Defendant Universal Fidelity Corporation's Reply Brief in Support of Its Motion for Partial Summary Judgment in the above matter. Good cause exists for the filing of the attached Surreply Memorandum as Universal Fidelity Corporation seeks an alternative result in its reply than it did in the original motion for partial summary judgment, and presents new evidence to this Court that may not properly be considered and is inadmissible.

                          Respectfully submitted,

                          **FRANCIS & MAILMAN, P.C.**

BY:    */s/ JOHN SOUMILAS*
         JAMES A. FRANCIS
         MARK D. MAILMAN
         JOHN SOUMILAS
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

         Attorneys for Plaintiff and the Class

Dated: March 19, 2007

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONJA SEAWELL** )<br>on behalf of herself and all others )<br>similarly situated )<br>  ) <br>              **Plaintiff,**   )<br>  )<br>        vs.   )<br>  )<br>**UNIVERSAL FIDELITY**   )<br>**CORPORATION**   )<br>  )<br>              **Defendant.**   )<br>  ) | Civil Action No. 05-CV-479<br><br><br>**CLASS ACTION** |

### PLAINTIFF'S SURREPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Universal Fidelity Corporation moved for partial summary judgment on April 24, 2006, arguing that the "maximum amount that can be awarded to the class is $3,550." (*See* Docket Number 27). In her opposition to Defendant's motion for partial summary judgment, Plaintiff explained why Defendant's motion must be denied and that any calculation to the statutory recovery for the class must be made at the time of trial based upon a broad range of evidence concerning Defendant's financial status. (*See* Docket Number 33). Defendant sought leave to file a reply brief in further support of its motion for partial summary judgment, which was granted by order of this Court dated March 8, 2007. (*See* Docket Number 50).

In that reply brief, Defendant now argues for the first time that it is not seeking to limit the class's recovery to any particular financial amount, but only a ruling as to "how" Defendant's net worth is to be calculated. (Defendant's Reply Brief at 4). Defendant's new position is simply specious. First, Defendant's original motion clearly seeks to limit

the class's recovery to a specific monetary figure, namely "$3,550." That is what Defendant argues in its original motion and that is what it articulates in its supporting affidavit and proposed order. Moreover, the issue of how net worth is to be calculated, although an important issue as Plaintiff explains in her response in opposition, is not dispositive of any claim in this case. The method itself, therefore, is not a proper subject for a motion for summary judgment. The facts as to "how" Defendant maintains its financial records and whether that method properly reflects its net worth for FDCPA purposes is very much contested in this case, and thus cannot be resolved at the summary judgment stage.

Furthermore, this Court may not take into consideration, either for purposes of summary judgment or for trial, Plaintiff's demand letter dated December 13, 2005, which Defendant marks as Exhibit "B" to its motion seeking leave to file a reply brief. As is plain from the face of the letter, it is written for purposes of compromise and entitled to the protections of Federal Rule of Evidence 408. It is certainly not factual evidence in this case or a factual basis upon which to make any legal rulings, either at summary judgment or any other stage. *See* Fed. R. Evid. 408. Accordingly, this Court must discount Defendant's arguments in its reply to the extent that they relate in any way to

Plaintiff's demand letter dated December 13, 2005.

                                                Respectfully submitted,

                                                **FRANCIS & MAILMAN, P.C.**

BY:    */s/ JOHN SOUMILAS*
           JAMES A. FRANCIS
           MARK D. MAILMAN
           JOHN SOUMILAS
           Land Title Building, 19th Floor
           100 South Broad Street
           Philadelphia, PA 19110
           (215) 735-8600

Dated: March 19, 2007                Attorneys for Plaintiff and the Class

**CERTIFICATE OF SERVICE**

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiff's Motion Seeking Leave to File a Surreply to be served electronically in accordance with this Court's ECF procedures, upon the following individual:

    Mr. Norman W. Briggs, Esquire
    Frey, Petrakis, Deeb, Blum, Briggs & Mitts, PC..
    1601 Market Street
    Suite 2600
    Philadelphia PA 19103

    **FRANCIS & MAILMAN, P.C.**

    */s/ JOHN SOUMILAS*
    JAMES A. FRANCIS
    MARK D. MAILMAN
    JOHN SOUMILAS
    Attorneys for Plaintiff
    Land Title Building, 19th Floor

    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600

DATE: March 19, 2007