IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONJA SEAWELL ) | | |
| on behalf of herself and all others ) | | |
| similarly situated ) | | |
| ) | | |
| Plaintiff, ) | Civil Action No. 05-CV-479 | |
| vs. ) | | |
| ) | | |
| UNIVERSAL FIDELITY ) | CLASS ACTION | |
| CORPORATION ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

Plaintiff Donja Seawell, by undersigned counsel, submits this Pre-Trial Memorandum in accordance with Local Rule 16.1(c) and this Court's Order dated April 24, 2007.

**I.      NATURE OF THE ACTION**

This consumer class action was filed on February 2, 2005, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Specifically, Plaintiff claims that Defendant's use of a particular form dunning letter, which included letterhead with the image of U.S. flag and the language "Administrative Office," was false, misleading or deceptive, in violation of the FDCPA.

In her Class Action Complaint, Plaintiff claims that "Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), 1692e(10), 1692e(14), and 1692f, as evidenced by the following conduct:

(a)     Making a false representation or implication that the Defendant is vouched for, bonded by, or affiliated with the United States;

(b)     The use or distribution of any written communication which creates a false

               impression as to its source, authorization, or approval;

    (c)    The use of any business, company, or organization name other than the true name of the Defendant's business, company, or organization; and

    (d)    Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt."

Class Action Complaint at ¶ 30.

This Court certified a class of at least 321 consumers on March 6, 2006. *See Seawell v. Universal Fidelity Corp.*, 235 F.R.D. 64 (E.D. Pa. 2006). Notice was sent to the class on May 25, 2006, and there were no opt-outs. *See* Docket No. 32. On April 2, 2007, this Court denied Defendant's motion for partial summary judgment. *See Seawell v. Universal Fidelity Corp.*, Civ. No. 05-479, 2007 WL 1030544 (E.D. Pa. April 2, 2006). The Court then ordered the parties to submit pre-trial memoranda and attend a final pre-trial conference. *See* Docket No. 57.

## II.    <u>JURISDICTION AND VENUE</u>

Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III.    <u>SUMMARY OF FACTS</u>

This Court is well aware of the facts of this case, as set forth in its two written decisions in this matter, cited above.

In summary form, the case centers around Defendant's use of certain language and letterhead on form dunning letters sent to at least 321 consumers. This offending letter and letterhead was sent by Defendant to Plaintiff on or about September 24, 2004 (the "Letter"). (A true and correct copy of the 9-24-04 Letter was attached as Exhibit "A" to the Class Action Complaint, and is incorporated herein).

Defendant sent to Plaintiff and others this Letter in a deceptive attempt to coerce Plaintiff and other consumers into paying alleged consumer debts. The Letter and letterhead attempted to confuse the Plaintiff and other consumers as to Defendant's identity by creating a document that seemed to be official correspondence from the United States government, which, *inter alia*, stated the following in the header section:

## "ADMINISTRATIVE OFFICE RECORD OF NOTIFICATION."

Importantly, the header section of the Letter also contained a true image of the flag of the United States. *See* Exhibit A to Class Action Complaint.

Discovery is this case has established that Defendant used this letterhead on reams of substantively identical form dunning letters. At least 321 consumers to whom Defendant mailed a substantively identical Letter with the offending language and letterhead have been identified and are members of the class. After this lawsuit, Defendant stopped using the offending language and letterhead.

Discovery has also revealed that there is no such thing as an "Administrative Office" and that Defendant has no physical "office" which is marked or identified as an "Administrative Office." Further, Defendant has no affiliation or connection whatsoever with the U.S. government or the government of any State. Like other businesses, Defendant has no right to use the U.S. flag as it motto or trademark on its letterhead.

Discovery has also revealed that the term "Administrative Office" and the true image of the U.S. flag are legitimately used by the government (such as the Social Security Administration and the Administrative Office of the Courts). Private businesses, and especially debt collectors,

3

are restricted from the use of any symbol, including the U.S. flag, which has the false implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State.

## IV. RELIEF SOUGHT

1. Statutory damages up to $1,000 as provided by 15 U.S.C. § 1692k(a)(2) for Donja Seawell;

2. Statutory damages as provided by 15 U.S.C. § 1692k(a)(2) for the certified class;

3. Actual damages as provided by 15 U.S.C. § 1692k(a)(1) and determined or measured by the fact-finder for Donja Seawell;

4. Actual damages as provided by 15 U.S.C. § 1692k(a)(1) and determined or measured by the fact-finder for the certified class;

5. Appropriate injuncture and/or declaratory relief;

6. Attorney's fees and cost as provided by 15 U.S.C. § 1692k(a)(3).

## V. WITNESSES

1. Donja Seawell
   4645 Castor Avenue
   Philadelphia, PA 19124

   Will testify concerning the letter and her interactions with Defendant, as per her deposition.

2. Frederick J. Cantz, Jr.
   Smart and Associates, LLP
   Four Penn Center
   Suite 1030
   1600 JFK BLVD
   Philadelphia PA 19103

   Will testify concerning Defendant's net worth per his expert report.

3. Terry W. Simonds
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

>   Will testify concerning Defendant's financial transactions, net worth and the letter.

4. Ken Sebek
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

   Will testify concerning financial transactions and net worth.

5. B.L. Lyons
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

   Will testify concerning form letter marked as exhibit P-1.

6. Darryl Hughes
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

   Will testify concerning numerosity and the use of letterhead on the form letter marked as exhibit P-1.

7. John Jackson, Esq.
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

   Will testify concerning Defendant's policies and procedures for collecting debts and the company's use of form letters.

8. Chin Ting Liao
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

   Will testify concerning the number of letters sent and the records regarding the identity and number of those to whom the letters were sent.

9. Liza Michel Aguilar
   Universal Fidelity Corporation
   1445 Langham Creek Drive
   Houston, TX 77084

>Will testify concerning numerosity and the use of letterhead on the form letter marked as exhibit P-1.

10. Custodian of Records/Corporate Representatives
    NCO Financial Systems, Inc.
    507 Prudential Road
    Horsham, PA 19044

    Will testify concerning form letter by that company for collection purposes.

11. Arrow Financial Services, LLC Corporate Representatives
    P.O. Box 1206
    Oaks, PA 19456

    Will testify concerning form letter by that company for collection purposes.

12. Academy Collection Services, Inc. Corporate Representatives
    10965 Decatur Road
    Philadelphia, PA 19154-3210

    Will testify concerning form letter by that company for collection purposes.

## VI. **EXHIBITS**

P1    Letter to Plaintiff Donja Seawell from UFC dated 9-24-04

P2    Universal Fidelity Organization Chart

P3    Universal Fidelity screen captures

P4    Universal Fidelity Corp Financial Statements as of 4/30/05

P5    Universal Fidelity Corp Financial Statements as of 3/31/06

P6    Universal Fidelity Corp Financial Statements for years ending 2003 & 2002

P7    UFC Fixed Assets Schedule 2005

P8    Notes Payable Rollforward  12/31/2005

P9    UFC Balance Sheet 6/30/2006

P10   Affidavit of Gary B. Goolsby

P11    Sample Debt Collection Letter from Academy Collection Services, Inc. dated 10/12/04

P12    Sample Debt Collection Letter from Arrow Financial Services dated 10/13/05

P13    Sample Debt Collection Letter from NCO Financial Systems, Inc. dated 11/17/02

P14    Sample Debt Collection Letter from NCO Financial Systems, Inc. dated 10/20/06

P15    Sample Debt Collection Letter from Enhanced Recovery Corporation dated 12/21/04

P16    Sample Debt Collection Letter from alternative Recovery Management dated 09/20/06

P17    Sample Government approved correspondence regarding Pacer ECF

P18    Sample Government approved correspondence dated November 27, 2006

P19    Sample Government approved correspondence dated May 25, 2006

P20    Sample Government approved correspondence with heading Administrative Office of the United States Courts

P21    Sample Government approved correspondence with heading Administrative Office of the United States Courts

P22    Expert Report – Frederick Cantz, Jr.

Additionally, Plaintiff reserves the right to also rely upon and enter into evidence any exhibits identified by Defendant.

**VII.   TRIAL TIME**

Plaintiff estimates that the entire trial should last 2 to 4 days.

**VIII.  SPECIAL ISSUES**

Plaintiff intends to present certain demonstrative evidence at trial using equipment such as a document camera or projector with an overhead screen (sometimes referred to as an "ELMO"). Plaintiff would desire to coordinate such presentation with court staff and/or to use

court equipment, and respectfully requests direction from the Court as to how to set up such projector and/or overhead screen presentation.

IX.   **LEGAL ISSUES**

The central legal issue in this case is whether the Letter and letterhead were false, misleading or deceptive under the FDCPA.

    A.   **Defendant's Letter & Letterhead Violated The FDCPA In Multiple Ways**

False, misleading or deceptive conduct by debt collectors is generally governed (and prohibited) by FDCPA section 1692e.  That section provides the following, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.
>
>    . . . .
>
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
>    . . . .
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), 1692e(10), 1692e(14).  Reinforcing the prohibition against misleading or deceptive conduct by debt collectors in their attempts to collect debts,

FDCPA section 1692f also provides, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692e.

Plaintiff claims in this action that the offending Letter and letterhead violated the above-cited provisions of the FDCPA.

### B. The FDCPA Is A Strict Liability Statute And One Violation Is All That Is Required To Support A Judgment For A Consumer-Plaintiff

Although the above standards may appear at the same time broad and exacting, the U.S. Congress has deliberately chosen to impose such strict standards upon the debt collection industry for good reason – namely, the wide-spread use of deceptive and misleading collection tactics.  *See* 15 U.S.C. § 1692(a) (Congress had found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors"); *see* Federal Trade Commission, Annual Report: Fair Debt Collection Practices Act (2004 & 2005) (more consumers complained about third-party debt collectors than any other industry).[1]

Federal courts have consistently held that the FDCPA is a strict liability statute to be liberally construed in favor of consumers, requiring no proof of deception or actual damages to obtain its statutory remedies.  *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60, 63 (2d. Cir. 1993); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982); *see also Wilson v. Quadramed Corporation*, 225 F.3d 350, 2000 WL 1222164 (3d Cir. 2000).

As the FDCPA is a strict liability statute, proof of one violation is all that is required to support judgment for a plaintiff.  *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 725 (D. Conn. 1990).

### C. The "Least Sophisticate Consumer" Standard

---

[1] *See Wilson v. Quadramed Corporation*, 225 F.3d 350, 2000 WL 1222164 *3 (3d Cir. 2000) *citing Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991) (citing Congressional finding regarding abuses and deceptions in debt collection industry).

9

Whether any violation occurred under the FDCPA is assessed from the perspective of the "objective least sophisticated consumer." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d. Cir. 1991). Even a single technical violation of the FDCPA is sufficient to impose liability, and permits an award of statutory and actual damages. 15 U.S.C. § 1692k.[2] Thus, the standard is not concerned with the debt collector's intent, or even how the plaintiff actually interpreted the offending conduct, but is rather concerned with how the objective "least sophisticated consumer" would interpret the offending conduct. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d. Cir. 1991).

The issue in this case, therefore, is whether the objective least sophisticated consumer would be mislead or deceived in any way by the offending Letter or letterhead. Would such a consumer believe that there truly is such as place called the "Administrative Office" which is preparing a "record of notification" for his or her debt? Would such a least sophisticated consumer consider the U.S. flag on the letterhead as a symbol that the government is somehow now involved with the collection of the debt against him or her? Would such a consumer surmise that Defendant has the backing or support or the U.S. government or the government of any State? Would the notice be considered an official notice (such as a subpoena, or tax audit) or would it simply be seen as a collection Letter from a private business? Would the least

---

[2] The FDCPA permits a consumer to recovery statutory damages up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). FDCPA also allows consumers to recover actual damages, in addition to statutory damages. 15 U.S.C. § 1692k(a)(1). With respect to actual damages under the FDCPA, courts from around the country, including the Third Circuit, have all held that emotional distress damages are actual damages deserving of compensation. *See Anderson v. Conwood Co.,* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety); *Stevenson v. TRW,* 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages, plus $20,700 in attorney's fees); *Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982) ($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses); *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.,* 209 B.R. 658 (E.D. Pa. 1997) (consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman*, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989) (actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles*, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988). Moreover, damages for emotional distress, personal humiliation, embarrassment, sleeplessness, depression and mental anguish need not be proved by medical documentation or expert testimony and can be sustained by the consumer himself. *See Belile, Crossley, Littles.*

sophisticated consumer interpret the letter to mean that the government is somehow involved in the "audit" of his of her account mentioned in the text of the letter?

### D. Both Federal and State Flag Codes, As Well As The FDCPA, Prohibit The Use Of The Commercial Use Of The U.S. Flag

It is not a surprise that private businesses (excluding Defendant), do not use the flag as a business tool – because that is prohibited.  The U.S. Flag Code prohibits the use of the image of the U.S. flag for many commercial purposes, including "for advertising purposes in any manner whatsoever."  4 U.S.C. § 8.  More generally, the U.S. Flag Code provides that "no disrespect should be shown to the flag of the United States of America."  *Id.*  Similarly, the Pennsylvania Code prohibits many commercial uses of the U.S. flag.  4 Pa. Code § 7.46.  Furthermore, the U.S. Trademark Act (popularly known as the Lanham Act) prohibits the use of the U.S. flag as any corporate trademark or motto.  15 U.S.C. § 1052(b).

The FDCPA specifically provides that debt collectors, such as Defendant, shall not make any "false <u>representation or implication</u> that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof." 15 U.S.C. § 1692e(1).  (emphasis added).  There is no clearer symbol of the government than the U.S. flag.  *See generally Halter v. Nebraska*, 205 U.S. 34 (1907).

Given these restrictions, other private businesses and debt collectors do not use the U.S. flag on their letterhead or other corporate mottos.  Nor has Defendant supplied any discovery or authority to suggest otherwise.  Discovery in this case, in the form of dunning letters used by other private debt collectors, has also shown that other debt collectors do not include the U.S. flag in their letters, and do not make any implication whatsoever that they are affiliated with the U.S. government or the government of any State in any way.  To the contrary, discovery shows that the U.S. flag is used by the government as a symbol of official government authority.

11

In sum, Defendant's use of the U.S. flag in the offending Letter and letterhead has no lawful, proper or legitimate purpose. Rather, whether intentional or not, Defendant's use of the U.S. flag on the Letter would mislead or deceive the least sophisticated consumer into believing that the government is somehow affiliated or involved in an "audit" to collect of the alleged debt – when that is simply not true.

### E. Net Worth Remains A Factual Issue For Trial

This Court has already determined that the issue of net worth (important to the class' recovery of statutory damages) could not be resolved through summary judgment motion practice. *See Seawell v. Universal Fidelity Corp.*, Civ. No. 05-479, 2007 WL 1030544 (E.D. Pa. April 2, 2006). As Plaintiff and her expert explained in Plaintiff's opposition to Defendant's motion for partial summary judgment regarding the net worth issue, there are many factual questions as to what truly constitutes Defendant's net worth, and whether Defendant artificially lowered its net worth through questionable divestitures of company assets and other practices that tried to mischaracterize assets as liabilities. Accordingly, Defendant's bookkeeping, financial transactions and actual net worth retain as factual issues for which evidence must be presented to the fact-finder at trial.

This Pre-Trial Memorandum is:

                                       Respectfully submitted,

                                       **FRANCIS & MAILMAN, P.C.**

                            BY: */s/ JOHN SOUMILAS*
                                       JAMES A. FRANCIS, ESQUIRE
                                       JOHN SOUMILAS, ESQUIRE
                                       Attorneys for Plaintiff
                                       Land Title Building, 19th Floor
                                       100 South Broad Street
                                       Philadelphia, PA 19110

Dated:  May 8, 2007                    (215) 735-8600

## CERTIFICATE OF SERVICE

I, John Soumilas, hereby certify that, on this date, I caused a true and correct copy of the foregoing Plaintiff's Pre-trial Memorandum to be served electronically in accordance with this Court's ECF procedures, upon the following individual:

> Norman W. Briggs, Esquire
> Frey, Petrakis, Deeb, Blum,
> Briggs & Mitts, PC.
> 1601 Market Street
> Suite 2600
> Philadelphia, PA 19103

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ JOHN SOUMILAS*
JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: May 8, 2007