|  |  |
|---|---|
| _____ | : **CIVIL ACTION NO. 05-0479** |
| **DONJA SEAWELL** | : |
| **On behalf of herself and all others** | : |
| **Similarly situated** | : |
| **Plaintiffs** | : |
| **v.** | : |
|  | : **CIVIL ACTION** |
| **UNIVERSAL FIDELITY** | : |
| **CORPORATION** | : |
| **Defendant** | : |
|  | : |
|  | : |
| _____ |  |

### DEFENDANT'S PRE-TRIAL MEMORANDUM

Defendant, Universal Fidelity Corporation ("Universal Fidelity"), by undersigned counsel, submits this Pre-Trial Memorandum in accordance with Local Rule 16.1(c) and this Court's Order, dated April 24, 2007.

## I.   NATURE OF THE ACTION

Plaintiff commenced this class action February 2, 2005, alleging that Universal Fidelity violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). Plaintiff contends that on or about September 24, 2004, Universal Fidelity wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (hereinafter "letter") which attempted to coerce Plaintiff into paying a debt. The basis of Plaintiff's claim is that the letter was on letterhead that contained the language "Administrative Office – Record of Notification" and also depicted an American flag in the left hand corner of the letterhead. Plaintiff alleges that the use of this letterhead was a violation of the FDCPA, because it supposedly misled Plaintiff into believing that the United States government approved the letter.

Jurisdiction of this Court, based upon Plaintiff's allegations, arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies in this district pursuant to 28 U.S.C. §1391(b).

II.    **DEFENDANT'S COUNTER SUMMARY OF FACTS**

Plaintiff claims that the September 24, 2004 letter sent to Plaintiff and 321 members of the class was misleading because the letterhead indicated it came from the "Administrative Office," stated it was a "record of notification," and contained an image of the American flag.  Contrary to Plaintiff's claims, Universal Fidelity, in fact, does have an "Administrative Office", located on the second floor of its Houston, Texas office.  Universal Fidelity's Houston corporate office contains an Intellectual Technology office, its accounting office, its account receivables office, its legal office and its sales office.  All of these offices are collectively referred to as Universal Fidelity's "Administrative Office".  As explained by Universal Fidelity's employees, mail addressed to Universal Fidelity's Administrative Office would properly be sent to Universal Fidelity's Bear Creek Post Office and then sorted to go to the proper office at Defendant's corporate office's second floor.

Moreover, the September 24, 2004 letter was not the first contact Defendant had with Plaintiff regarding her debt. Defendant first contacted Plaintiff regarding her debt on June 22, 2004. Defendant followed up that conversation with a letter the next day.  Defendant spoke to Plaintiff again on July 1, 2004. In response, Plaintiff wrote to Defendant on July 15, 2004. Moreover, additional written correspondence was sent to Plaintiff on July 16, 2004, August 8, 2004 and August 31, 2004. In total, Plaintiff received three

letters from Defendant before she received the September 23, 2004 letter that she alleges violated the FDCPA. In fact, Plaintiff, herself wrote a letter to Universal Fidelity regarding her delinquent account in July 2004.

Furthermore, every member of the class, who purportedly received the same letter from Defendant, also received the same number of previous letters and contacts from Defendant regarding their delinquent accounts. These facts show that the letter sent to Plaintiff and the class was in no way misleading or gave any sort of false implication to its recipients.  Moreover, each of the class members would have known the true identity of the sender of the letter in question, having received three (3) or four (4) letters from the Defendant previously.


III.    **WITNESSES**

1.    Terry W. Simonds
      Universal Fidelity Corporation
      1445 Langham Creek Drive
      Houston, TX 77084
      Will testify during any damages portion of the trial

2.    Ken Sebek
      Universal Fidelity Corporation
      1445 Langham Creek Drive
      Houston, TX 77084
      Will testify during any damages portion of the trial

3.    Darryl Hughs
      Universal Fidelity Corporation
      1445 Langham Creek Drive
      Houston, TX 77084
      Will testify during the liability stage of trial

4.    John Jackson, Esq.
      Universal Fidelity Corporation
      1445 Langham Creek Drive
      Houston, TX 77084
      Will testify during the liability stage of trial

    5.      Chin Ting Liao
             Universal Fidelity Corporation
             1445 Langham Creek Drive
             Houston, TX 77084
             Will testify during the liability stage of trial

    6.      Liza Michel Aguilr
             Universal Fidelity Corporation
             1445 Langham Creek Drive
             Houston, TX 77084
             Will testify during the liability stage of trial.

    7.      Michael L. Razzano, Esq.
             Law Offices of Razzano & Kreutzer
             8040 Roosevelt Blvd, Suite 319
             Philadelphia, PA 19152
             Will testify during the liability stage of trial

## IV.   **EXHIBITS**

    1.      September 24, 2004 letter to Plaintiff

    2.      Universal Fidelity Organization Chart

    3.      Universal Fidelity's screen captures (Defendant's collection file on named Plaintiff Donja Seawell)

    4.      Universal Fidelity's screen captures on all class members (Defendant's collection file on each class member identified)

    5.      Letter sent to Plaintiff on July 16, 2004

    6.      Letter sent to Plaintiff on August 8, 2004

    7.      Letter sent to Plaintiff on August 31, 2004

    8.      Universal Fidelity Financial Statements

    9.      Universal Fidelity Balance sheet

    10.    Complaint filed in Seawell v. Rosenthal, Morgan and Thomas, Inc., 04-05259, filed in the United States District Court for the Eastern District of Pennsylvania.

    11.    Plaintiff's Chapter 13 Bankruptcy petition filed on February 7, 2005

    12.    Universal Fidelity's FDCPA & UFC Policy

13.     Universal Fidelity's Associate Training Manual

Defendant's reserve the right to offer any and all documents listed on Plaintiff's Pre-Trial Memorandum.

## V.     **TRIAL TIME**

Defendant estimates that the entire trial should last 2 to 4 days.

## VI.     **LEGAL ISSUES**

### A.     **Liability**

The legal issues in this case are quite simple. First, did Universal Fidelity's September 24, 2004 letter, after multiple communications with Plaintiff, violate the FDCPA by somehow misleading her because the letter came from Universal Fidelity's "Administrative Office," indicating it was a "record of notification" and containing an image of the American Flag? The letterhead was not misleading and even analyzed under the "least sophisticated consumer" standard, any consumer would realize that the letter, taken as a whole, did not come from an entity affiliated with the government when the letter clearly stated it was from Universal Fidelity Corporation, an entity that had previously communicated with plaintiff, via written correspondence and telephone calls. In fact, in the instant matter, Plaintiff had written to Universal Fidelity, asking that all communication be in written format.  At no time was Plaintiff mislead as to who or what entity was attempting to collect a debt from her. As such, Universal Fidelity contends that the letter did not violate the FDCPA as alleged by Plaintiff in her complaint.

**B.**   **Damages**

If the court does find that Universal Fidelity did violate the FDCPA, the court still needs to make a determination as to damages. Even if the named Plaintiff prevails on liability, the total damages available to the class are approximately $3500.

Pursuant to 15 U.S.C.A. § 1692k, any debt collector who fails to comply with the FDCPA with respect to any person is liable to such person in an amount equal to the sum of:

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C.A. § 1692k(a).

The FDCPA contains factors that a jury should consider when making an award of damages under the FDCPA.  Those factors include:

> (1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or
>
> (2) in any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

15 U.S.C.A. § 1692k(b).

If at trial, Universal is found liable for violating the FDCPA, depending upon the jury's verdict as to an award of statutory damages for the lead Plaintiff, the Court may have to make a determination as to how to calculate Universal Fidelity's net worth in order to calculate the class's statutory damages.

Plaintiff's allegations regarding Universal Fidelity's mischaracterizations of its net worth have no merit and are not to be decided by the jury. There is no evidence in the record that Universal Fidelity's corporate officers made any distributions that were not within the normal course of business. Specifically, there is no evidence that Universal's corporate officers made any distributions with the sole purpose to reduce the company's net worth for the purposes of defending itself against FDCPA suits. As such, the trial judge and not the jury must make any determination as to Universal Fidelity's net worth. [1]

Universal Fidelity contends that any determination of its net worth, for purposes of the FDPCA, should be calculated according to Generally Accepted Accounting Principles (GAAP), without considering the company's equity, capital stock or good will in the calculation. Sanders v. Jackson, 209 F.3d 998 (7th Cir. 2000); Fry v. Hayt, Hayt & Landau, 198 F.R.D. 461 (E. D. Pa. 2000); Saunders v. Berks Credit and Collections, Inc., 2002 WL 1497374 (E.D. Pa. 2002). In Fry, the Court, in deciding whether or not to certify a class action under the FDCPA, held that the meaning of net worth under the FDCPA . . . was determined to be

---

[1] In the Court's April 2, 2007 order denying Universal Fidelity's Motion for Partial Summary Judgment, the court held that it would not make a decision as to how to calculate Universal Fidelity's net worth until liability is resolved. At no point, however, did the Court indicate that the issue of calculating Universal Fidelity's net worth was an issue for the jury.

"book net worth or balance sheet net worth, [citing] <u>Sanders</u>." <u>Fry</u> at 473. Therefore, a decision regarding how to calculate Universal Fidelity's net worth is not a decision for the jury, but rather the Court, based upon statutory interpretation, case law and general accounting principles. Under the generally accepted accounting principle method, Plaintiff's potential recovery for the class is only $3500.

FREY, PETRAKIS, DEEB,
BLUM & BRIGGS, P.C.


BY:_____/s/ NWB3521_____
　　　NORMAN W. BRIGGS
　　　Attorney for Defendant
　　　Universal Fidelity Corporation

Date: 05/21/07

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant's Pre-Trial

Memorandum was served regular, first class mail, postage prepaid, on May 21,

2007, upon the Plaintiff's attorney at the following address:

James A. Francis, Esquire
Francis & Mailman
100 South Broad Street
19th Floor
Philadelphia, PA  19110


_____/s/ NWB3521_____
NORMAN W. BRIGGS
Attorney for Defendant
Universal Fidelity Corporation