| | |
|---|---|
| _____ | : CIVIL ACTION NO. 05-0479 |
| **DONJA SEAWELL** | : |
| **On behalf of herself and all others** | : |
| **Similarly situated** | : |
|            **Plaintiffs** | : |
|        **v.** | : |
| | : CIVIL ACTION |
| **UNIVERSAL FIDELITY** | : |
| **CORPORATION** | : |
|            **Defendant** | : |
| | : |
| _____ | : |

### DEFENDANT'S SUPPLEMENTAL PRE-TRIAL MEMORANDUM

Defendant, Universal Fidelity Corporation ("Universal Fidelity"), by undersigned counsel, submits this Supplemental Pre-Trial Memorandum in accordance with this Court's instructions of June 6, 2007 wherein the Court asked the parties to submit supplemental memoranda on the issues of who decides the Defendant's net worth for the purposes of possible civil liability under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692k, any evidentiary disputes, and a better description of the testimony of the various witnesses.

**I.  DEFENDANT'S NET WORTH FOR PURPOSES OF DECIDING THE AMOUNT TO BE AWARDED TO THE CLASS IS AN ISSUE OF THE COURT, NOT THE JURY**

The Court and not the jury is to determine the Defendant's net worth for the purposes of calculating the maximum award of statutory damages that could be awarded to the **class** pursuant to 15 U.S.C.A. § 1692k. See McCall v. Drive Financial Services, L.P, 440 F.Supp.2d 388 (E.D. Pa. 2006); Grandisher v. Check Enforcement Unit, Inc, 209 F.R.D. 392 (W.D. Mich. 2002); Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998).

Specifically, in McCall, the named Plaintiff in a class action case filed a motion in limine asking the Court to determine the available statutory damages. The McCall court never even considered that a jury was to determine the available statutory damages available to the class. Instead, citing to 15 U.S.C.A. § 1692k, the Court held that the maximum statutory damages available to the class was $501,000. McCall at 390. The court added, however, that this number was merely the maximum available to the class, but that a lower amount of damages could be awarded to the class based upon the factors contained in 15 U.S.C.A. § 1692k(b)(2). Id.

Similarly, in Grandisher, after holding a damages hearing, the Court and not a jury, decided the amount of damages available to the class pursuant to 15 U.S.C.A. § 1692k. Specifically, the Court found that the Defendant's net worth was only $3,890.00 and that the total class recovery would only be $38.90. Grandisher at 393. Based upon its determination of the defendant's net worth, the Court decertified the class to allow the members to file individual actions against the defendant. Id at 394.

Moreover, in Kobs[1], the Seventh Circuit was asked to determine if the Court or the jury was to determine the amount of statutory damages in a FDCPA case. In making its decision, the Kobs Court explained that while a jury would decide the exact amount of statutory damages to be awarded to the plaintiffs, that determination would only occur after the Court instructed the jury as to the parameters of the possible statutory damages allowed under the FDCPA. Kobs at 898. It should be noted that while Kobs did not involve a class

action. Nevertheless, the Court's analysis of a statutory damage award under 15 U.S.C. 1692k is still applicable to the current action.

Once again, the <u>Kobs</u> Court noted that the jury was free to award less than the maximum statutory amount based upon the factors contained in 16 U.S.C. 1692k(b)(1). Thus, the jury's award would be based upon the Court's instructions as to the maximum recovery allowed in statutory damages to the plaintiffs under the FDCPA.

The jury should ultimately decide if there is a violation of the FDCPA, and if so, the amount to be awarded to the class by virtue of the award to the named Plaintiff, Donja Seawell. The jury's decision as to the amount of statutory damages awarded to the class, if any, is based upon instructions by the Court as to the parameters of an award allowed under the FDCPA and the factors the jury should consider when making that decision. In a class action, however, the jury cannot make a decision as to the amount of damages that can be awarded to the class until the Court makes a determination as to the maximum available damages to the class, namely the Defendant's net worth. After receiving instructions from the Court as to the parameters of a statutory damage award, the jury is then free to determine the exact amount of the statutory damage award, but only within the parameters as defined by the Court.

As such, the Court and not the jury should determine Universal Fidelity's net worth for the purposes of the Fair Debt Collection Practices Act.

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS D-4 AND D-10 ARE UNFOUNDED

### A. <u>Defendant's D-4 is identical to D-3, which the Plaintiff raises no objection.</u>

Plaintiff objects to the admissibility of D-4, which is the Defendant's collection files, specifically known as "screen captures" for the 321 class members, not including the named Plaintiff, Donja Seawell. D-3 is the Defendant's collection file (screen capture) for named Plaintiff Seawell. Plaintiff raises no objection to D-3, even though its content is identical to the collection files of the other class members (D-4). A copy of D-3 is attached as Exhibit "A", which is essentially identical to all the screen captures that comprise D-4. A sample of a screen capture for one of the other class members is attached as Exhibit "B".

First, there is no question that D-3 and D-4 are relevant and tied together. Plaintiff's counsel is correct that the issue in this trial will be whether the "least sophisticated consumer" would be misled into thinking this letter came from a governmental entity. The jury cannot consider this issue, however, in a vacuum. The jury has to consider this issue in the context of the other communications between the Defendant and the class members, including the Plaintiff. D-3 shows that the Defendant sent three letters to the named Plaintiff Seawell, and various phone calls, before she received the Defendant's letter that is the subject of this class action.

This same level of prior contact occurred between Defendant and the other class members. These prior communications are set forth in D-3 and D-4. The Plaintiff will have to convince the jury that the letter in question misled

the least sophisticated consumer when she (and the other class members) had so many prior contacts with the Defendant. Thus, the collection files of the other class members are clearly relevant.

As the Court may recall, Plaintiff's counsel stated in open Court on June 6, 2007 that these documents were produced *"many months after the discovery deadline."* This was a **misrepresentation**. The class members' screen captures were hand delivered to the Plaintiff's counsel on December 8, 2006, 9 days after the expiration of the deadline, as soon as they were received by Defendant's counsel from its client. (See Defendant's letter of December 8, 2006, attached as Exhibit "C"). Plaintiff's counsel did raise an objection to the production of these documents in December 2006. (See Plaintiff's counsel's letter, dated December 13, 2006, a copy of which is attached as Exhibit "D"). Defendant's counsel immediately responded, however, by letter of December 15, 2006. (See letter attached as Exhibit "E").

First, there was no discovery request that specifically requested the collection files for each of the class members. Second, the Plaintiff's counsel has not indicated what discovery he needs regarding these computer printouts. As stated before, these are identical to the named Plaintiff's Donja Seawell's computer printout (D-3). D-3 was an exhibit during the deposition of one of Defendant's representatives, John Jackson, where Plaintiff's counsel asked numerous questions about the symbols and meaning on the document. The same information applies to the "screen captures" of the other class members' files as well.

More importantly, Plaintiff's counsel never responded to the December 15, 2006 letter. Counsel never indicated how Plaintiff was prejudiced, or even

requested any additional discovery relating to the computer "screen captures" of the class members. Counsel waited almost six (6) months before raising the issue again, and only at the re-scheduled pre-trial conference. Even though Defendant cannot guess what further discovery Plaintiff would need to these collection files, Defendant's counsel would be happy to allow Plaintiff additional "discovery" regarding these documents. Considering the trial is four (4) months away (October 29, 2007), there is plenty of time for the Plaintiff to explore whatever information it needs regarding these documents.

Plaintiff realizes that these documents undermine her claim that she, and other class members, could be misled by the letter in question. Rather than allege any real prejudice, or seek any additional discovery on these identical documents, Plaintiff is trying to exclude them from the jury by alleging a discovery violation.

B. <u>Defendant's D-10 is relevant to impeach Plaintiff's allegation that she was mislead by the letter.</u>

Plaintiff also objects to the admissibility of D-10, a copy of a federal complaint filed by the Plaintiff against another Defendant, alleging violations of the Federal Credit Reporting Act. Defendant intends to introduce this document to impeach the Plaintiff about her misunderstanding of the sender of the letter.

The Plaintiff's counsel complains that the complaint was not disclosed by Defendant during discovery. Rule 26(a) states:

> (1) Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

>(B) a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, ***unless solely for impeachment***; (emphasis added).

The complaint would only be used to impeach the Plaintiff on her level of knowledge, and her statement about being misled about the sender of the letter. Thus, Rule 26 does not even require disclosure.

Moreover, the Plaintiff has not demonstrated how she is prejudiced by this non-disclosure. Obviously, Plaintiff knew about the Complaint as did her current counsel, who represented her in the prior case. Similar to her argument of prejudice on the production of the class members' collection files (see subpart A above), Plaintiff does not demonstrate how the non-production of a complaint that she previously filed in Federal Court caused any prejudice.

## III. DEFENDANT OBJECTS TO PLAINTIFF'S EXHIBITS P11-16, AND WITNESSES FROM OTHER DEBT COLLECTION SERVICES BASED ON RELEVANCE.

Plaintiff's Pre-Trial Memorandum identifies certain corporate representatives of NCO Financial Systems, Inc., Arrow Financial Services, LLC and Academy Collection Services, Inc. (witnesses 10 through 12 on Plaintiff's Pre-Trial Memorandum). Apparently, these individuals will authenticate certain sample debt collection letters used by these other debt collection services. (Exhibits P11 through P16)

Plaintiff is presumably attempting to use these letters to show that other debt collection services do not use an American Flag, or have the term "Office of Administration" on its letterhead. Relevant evidence is defined by F.R.Evid. 401 as, "evidence having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probably or less probably than it would be without the evidence."

These letters (and witnesses) however, have no relevance to the issue in this case – whether the Defendant's letter is misleading.  The Plaintiff has offered no evidence that these other letters represent any percentage of the universe of collection letters used by debt collectors in the industry.  In fact, Plaintiff has offered no evidence that the proffered letters represent the universe of letter even used by these three debt collectors.  Whether three other debt collectors use an American Flag on one of the various form letters each company sends out has no bearing on the alleged violation in this case.

The issue is this case is whether the letterhead utilized by Defendant was misleading or deceptive.  Sample debt collection letters used by other third party debt collectors has no bearing on that issue.  As such, Defendant objects to Exhibits P11-16, and the authenticating witnesses identified to support their admission.

**IV.    WITNESSES (SUPPLEMENTAL DESCRIPTIONS)**

This Honorable Court requested the parties to provide a further description of the testimony to be presented by the various witnesses.  Most of the witnesses that will testify are identified in both parties' Pre-Trial Memorandum.  Plaintiff's Supplemental Memorandum provides an adequate description of the mutual witnesses' testimony, and therefore, Defendant will defer to the Plaintiff's description.  To the extent that Defendant's witness are not listed on the Plaintiff's list, Defendant respectfully offers the following supplemental description:

7. Michael L. Razzano, Esq.
  Law Offices of Razzano & Kreutzer
  8040 Roosevelt Blvd, Suite 319
  Philadelphia, PA 19152

Mr. Razzano was Plaintiff's bankruptcy attorney and will testify as to the authenticity of the Plaintiff's bankruptcy petition, filed after the instant class action was filed. This Petition did not list the instant case as an asset, which is required under the Bankruptcy laws. Mr. Razzano would only be needed as a witness if the Plaintiff disputes the authenticity of the petition.

         FREY, PETRAKIS, DEEB,
         BLUM & BRIGGS, P.C.


       BY:_____/s/ NWB3521_____
         NORMAN W. BRIGGS
         Attorney for Defendant
         Universal Fidelity Corporation

Date: 06/07/07

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant's Supplemental Pre-Trial Memorandum was served regular, first class mail, postage prepaid, on June 28, 2007, upon the Plaintiff's attorney at the following address:

>James A. Francis, Esquire
>Francis & Mailman
>100 South Broad Street
>19th Floor
>Philadelphia, PA  19110

_____/s/ NWB3521_____
NORMAN W. BRIGGS
Attorney for Defendant
Universal Fidelity Corporation