IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONJA SEAWELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s)<br><br>vs.<br><br>UNIVERSAL FIDELITY CORPORATION,<br><br>Defendant(s) | **Civil Action**<br><br>**No. 05-CV-479** |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO
BIFURCATE TRIAL AS TO LIABILITY AND DAMAGES**

I. **INTRODUCTION**

Defendant, Universal Fidelity Corporation submits this Memorandum in support of its motion to bifurcate the trial into two (2) stages: a first stage dealing with liability (whether Defendant's letterhead was deceptive or misleading), and a second stage, if necessary, dealing with damages.

II. **BACKGROUND**.

Plaintiff commenced this class action on February 2, 2005, alleging that Universal Fidelity Corporation violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA")  Plaintiff contends that on or about September 24, 2004, Universal Fidelity Corporation wrote and sent to Plaintiff by United States Mail a

collection or "dunning" letter which attempted to coerce Plaintiff into paying a debt. The basis of Plaintiff's claim is that the letter was on letterhead that contained the language "Administrative Office – Record of Notification," and also depicted an American Flag in the left-hand corner of the letterhead. Plaintiff alleges that the use of this letterhead was a violation of the FDCPA, because it supposedly misled Plaintiff into believing that the United States Government approved the letter.

Under the FDCPA, the damages available in a class action case are limited to $500,000 or 1% of the net worth of the debt collector, whichever amount is less. 15 U.S.C. section 1692k (a)(2)(B). The Defendant's net worth is nowhere near 50 million dollars, so the true net worth of the Defendant is an issue in the case. Although the Defendant produced 2005 financial statements and its Chief Financial Officer, Ken Sebek, was deposed on the issue, there remains a dispute as to how to calculate the Defendant's net worth and how the financial statements should be considered. The Plaintiffs have retained an expert, Frederick Cantz, to testify as to his opinions on the net worth of the Defendant. (Mr. Cantz is the subject of a separate motion in limine filed by the Defendant).

The issue of the Defendant's net worth only becomes an issue if the jury finds that the letter in question constitutes a violation of the FDCPA. For the reasons set forth below, Defendant moves to bifurcate the issues of liability and damages.

### III.  **DISCUSSION**.

Rule 42(b) of the Federal Rules of Civil Procedure provide that a "Court, in furtherance of convenience or to avoid prejudice, or when separate trial will be conducive to expedition and economy, may order a separate trial of any claim … or of any separate issue or of any number of claims … or issues." Fed. R. Civ. P. 42(b). As

part of its wide discretion in trial management, this Court has the broad discretion to bifurcate the liability and damages stages of the present case. The decision to bifurcate is completely within the discretion of the Trial Court. <u>Lowe v. Philadelphia Newspapers, Inc.</u>, 594 F.Supp. 123, 125 (E.D.Pa. 1984). "The decision to bifurcate *vel non* is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial Judge in each instance." <u>Lis v. Robert Packer Hospital</u>, 579 F.2nd 819, 824 (3rd Cir. 1978), *cert. den.*, 439 U.S. 955, 99 S. Ct. 354, 58 L. Ed. 2nd 346 (1978).

Generally, bifurcation is only granted where the trial Court ascertains that separate trials would "further convenience or avoid prejudice." <u>McCray v. Pittsburgh Corning Corporation</u>, 97 FRD 490, 492 (E.D.Pa. 1983). Bifurcation may prove to be advantageous by enhancing juror comprehension of the complex issues presented, <u>Miller v. New Jersey Transit Authority Rail Operations</u>, 160 F.R.D. 37 (D.N.J. 1995), *citing* <u>Bar Laboratories, Inc. v. Abbott Laboratories</u>, 978 F. 2nd 98, 115 (3rd Cir. 1992). In determining whether or not to bifurcate, the Court must select the procedure conducive to expedition and economy. *Id.*

Defendant, as the party seeking bifurcation, has the burden of showing that bifurcation is proper in light of the general principal that a single trial tends to lessen the delay, expense and inconvenience to all parties. <u>Lowe v. Philadelphia Newspapers, Inc.</u>, 594 F.Supp. 123, 125 (E.D.Pa. 1984). The party seeking bifurcation must demonstrate that he will suffer prejudice if the separate trials are not granted. <u>Marshall v. Overhead Door Inc.</u>, 131 F.R.D. 94, 97 (E.D.Pa. 1990).

Bifurcation of proceedings into separate trials concerning the liability and damages is appropriate when 'the evidence pertinent' to the two issues is wholly unrelated and when the evidence relevant to the damage issue could have a prejudicial

3

impact upon the jury's liability determination.  James v. Interstate Credit & Collections, Inc., 2005 US Dist. Lexis 15814 *citing* Helminski v. Ayerst Lab, 766 F. 2nd 208, 212 (6th Cir. 1985) (*quoting* 9.C. Wright & Miller, Federal Practice & Procedures §2390).

In this matter, the evidence applicable to liability does not overlap with the evidence of damages.  If Plaintiff fails to prove liability, there will be no need for a separate trial as to damages.  Thus, judicial economy is promoted.  Moreover, bifurcation is also warranted because it will avoid the risk of the jury being motivated by sympathy for the Plaintiff.  Moreover, the testimony about the financial aspects of the Defendant will be before the jury at the same time they must decide whether the letter in question was misleading.  Thus, a bifurcated trial will protect Defendant from prejudice.

Defendant also contends that liability is appropriate for the jury; however, if Defendant is found liable, damages based on the Corporation's "net worth" are to be determined by the Court.  "In short, the calculation of statutory damages should not result in a mini-trial; the statute seeks to avoid a separate contest over damages by using the term 'net worth' to denote a company's book value net worth."  Sanders v. Jackson, 209 F. 3rd 998 (7th Cir. 2000).  *See also* United States v. 88.88 Acres of Land, 907 F. 2nd 106, 108 (9th Cir. 1990) (The determination of net worth under the Equal Access to Justice Act should not result in a second major litigation.)

**IV**     **CONCLUSION**.

In recognizing that Defendants will be prejudiced by a "mini-trial" to ascertain statutory damages, and that Plaintiff will not be prejudiced by bifurcating the issues of liability and damages, Defendant's Motion to Bifurcate should be granted.

                                    **BRIGGS LAW OFFICE, P.C.**

                                By:     ____/NWB3521/_____
                                      **NORMAN W. BRIGGS**
                                      300 Walnut Street, Suite 2
                                      Philadelphia, PA 19106
                                      Telephone No. 215-925-4632
                                      Facsimile No. 215-925-1611
                                      Attorneys for Defendant
                                      Universal Fidelity Corporation