**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONJA SEAWELL, on behalf of herself and all others similarly situated,, : : : Plaintiff(s) : : vs. : : UNIVERSAL FIDELITY CORPORATION, : : Defendant(s) : | **Civil Action** **No. 05-CV-479** |

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE RERPRESENTATIVES**
**FROM OTHER DEBT COLLECTION SERVICES**
**AND THEIR SAMPLE LETTERS**
**BASED ON RELEVANCE**

**I.     BACKGROUND**.

Plaintiff commenced this class action February 2, 2005, alleging that Universal Fidelity violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").  Plaintiff contends that on or about September 24, 2004, Universal Fidelity wrote and sent to Plaintiff by United States Mail a collection or "dunning" letter which attempted to coerce Plaintiff into paying a debt.  The basis of Plaintiff's claim is that the letter was on letterhead that contained the language "Administrative Office – Record of Notification," and also depicted an American Flag in the left-hand corner of the letterhead.  Plaintiff alleges that the use of this letterhead was a violation of the

FDCPA, because it supposedly misled Plaintiff into believing that the United States Government approved the letter.

## II.   FACTS

Plaintiff identifies certain representatives from the following corporations: NCO Financial Systems, Inc., Arrow Financial Services, LLC, and Academy Collections Services, Inc.  (Witnesses 10-12 on Plaintiff's Pre-Trial Memorandum.)  These individuals will apparently authenticate certain sample debt collection letters used by these other debt collection services.  (Exhibits P11 – P16)  It is presumed that Plaintiff will attempt to use these letters to show that other debt collection services do not use an American Flag, or the term "Office of Administration" on their letterhead.

## III.   ARGUMENT

Relevant evidence is defined under Federal Rules of Evidence 104 as, "Evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The issue in this matter is whether Defendant's letterhead that included a flag and the term "Office of Administration" is misleading.  The witnesses, and the letters which they will apparently authenticate, have no relevance to this issue.  Plaintiff has failed to offer evidence that these letters represent any percentage of the total collection letters used by debt collectors in the industry.  Moreover, Plaintiff has failed to offer evidence that the proffered letters represent a particular percentage of the letters used by these three debt collection services.  Whether three other debt collection services use an American Flag or the term "Office of Administration" on one of the form letters sent out by that company has no bearing or probative value as to

whether or not the letter sent out by Universal Fidelity Corporation was misleading or deceptive.

**IV.     CONCLUSION**

As such, Universal Fidelity Corporation moves that corporate representatives from NCO Financial Systems, Inc., Arrow Financial Services, LLC, and Academy Collection Services (Witnesses 10-12 on Plaintiff's Pre-Trial Memorandum) and the same debt collection letters used by these other debt collection services (Exhibits P11 – P16) be excluded from trial.

**BRIGGS LAW OFFICE, P.C.**

By:     ____/NWB3521_____
**NORMAN W. BRIGGS**
300 Walnut Street, Suite 2
Philadelphia, PA 19106
Telephone No. 215-925-4632
Facsimile No. 215-925-1611
Attorneys for Defendant
Universal Fidelity Corporation