IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONJA SEAWELL, on behalf of herself and all others similarly situated,, : : : Plaintiff(s) : : vs. : : UNIVERSAL FIDELITY CORPORATION, : : Defendant(s) : | | **Civil Action**<br><br>**No. 05-CV-479** |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE TESTIMONY AND REPORT OF FREDERICK J. CANTZ, JR.
BASED ON RELEVANCE**

**I.     BACKGROUND**

Plaintiff commenced this class action February 2, 2005, alleging that Universal Fidelity violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"). Plaintiff contends that on or about September 24, 2004, Universal Fidelity wrote and sent to Plaintiff by United States Mail a collection or "dunning" letter which attempted to coerce Plaintiff into paying a debt. The basis of Plaintiff's claim is that the letter was on letterhead that contained the language "Administrative Office – Record of Notification," and also depicted an American Flag in the left-hand corner of the letterhead. Plaintiff alleges that the use of this letterhead was a violation of the FDCPA, because it supposedly misled Plaintiff into believing that the United States Government approved the letter.

Plaintiff identified that Frederick J. Cantz, Jr. will testify as to the "net worth" of Universal Fidelity Corporation. (Witness 2 on Plaintiff's Pre-Trial Memorandum.) This individual will apparently offer opinion testimony as to certain transactions made by Universal Fidelity Corporation. (Exhibit P22 on Plaintiff's Pre-Trial Memorandum, a copy of Mr. Cantz's report is attached as Exhibit "A"). It is presumed that Plaintiff will attempt to use this opinion testimony to enlarge Defendants "net worth" beyond the statutory provisions set out in the FDCPA.

**II.   DISCUSSION**

Relevant evidence is defined under Federal Rules of Evidence 104 as, "Evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

If Defendant is found to have violated the FDCPA, the Court will have to determine Universal Fidelity Corporation's "net worth" at the time of settlement/resolution of the case, rather than when the violation occurred. *See* <u>Bonett v. Educ. Debt Servs.</u>, 2003 WL 21658267 at *7, n.4 (E.D. Pa. 2003), <u>Seawell v. Universal Fidelity Corporation</u>, Civ. No. 05-479, 2007 WL 1020544 (E.D. Pa. April 2, 2006). The Fair Debt Collection Practices Act provides that ". . .in the case of a class action the total recovery shall not exceed the lesser of $500,000 or 1 per centum of net worth of the debt collector . . . ." 15 U.S. C. § 1692k(a)(2)(B).

The witnesses, and his report, have no relevance to this issue.  Plaintiff has failed to offer evidence that the witness will speak to Universal Fidelity's current "net worth".  Additionally, Plaintiff has failed to aver that Universal Fidelity failed to follow Generally Accepted Accounting Principles.  It is presumed that Mr. Cantz will speak to

distributions to stock holders or partners going back at least five years.  It does not appear, however, that Mr. Cantz's report's alleges that any distribution was in violation of Generally Accepted Accounting Principles.  Moreover, there is no allegation that the distributions were made specifically to diminish the Defendant's net worth.

In Sanders v. Jackson, the Seventh Circuit Court of Appeals examined the issue of "net worth" as to plaintiff's recovery after liability was found.  Sanders v. Jackson, 209 F.3d 998 (7th Cir. 2000).  The Court in Sanders set out the policy behind class actions.  Specifically, the Court wrote, "the primary motivation for these suits is not and should not be the plaintiffs' belief that the suit will result in a substantial windfall.  Plaintiffs in FDCPA class actions who are not claiming actual damages cannot reasonably expect large awards for what are technical and *de minimis* violation of the act."  Sanders v. Jackson, 209 F.3d 998 (7th Cir. 2000), citing Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997).  Moreover the Court wrote, "We agree with the Fifth Circuit that the primary purpose of the net worth provision is a protective one.  It ensures that defendants are not forced to liquidate their companies in order to satisfy an award of punitive damages. " Id., citing Boggs v. alto Trailer Sales, Inc., 511 F.2d 114, 118 (5th Cir. 1975)

In the instant matter, the opinion testimony presumed to be offered by Mr. Cantz will not speak as to Defendant's current "net worth", nor will it show that Defendant deviated from Generally Accepted Accounting Principles in establishing the "book value" or "net worth" of Universal Fidelity Corporation.  His testimony, as to "net worth" will not have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**III.     CONCLUSION**

As such, Universal Fidelity Corporation moves that Frederick J. Cantz, Jr.'s testimony be barred and his report, (Exhibit P22 on Plaintiff's Pre-Trial Memorandum – Exhibit "A") be excluded from trial.

                                                **BRIGGS LAW OFFICE, P.C.**

                              **By:**      **/NWB3521/**
                                              **NORMAN W. BRIGGS**
                                              300 Walnut Street, Suite 2
                                              Philadelphia, PA 19106
                                              Telephone No. 215-925-4632
                                              Facsimile No. 215-925-1611
                                              Attorneys for Defendant
                                              Universal Fidelity Corporation